**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | **CIVIL NO. 04-707-GPM** |
| | ) | |
| ESTATE OF STELLA M. PRUEMER, | ) | |
| CONNIE FAULK, LARRY KELLER, | ) | |
| S A N D O V A L   C O M M U N I T Y | ) | |
| DEVELOPMENT COMMISSION, INC., | ) | |
| CENTRAL CITY LUMBER COMPANY, | ) | |
| INC., UNKNOWN OWNERS, INCLUDING | ) | |
| UNKNOWN HEIRS and LEGATEES OF | ) | |
| STELLA M. PRUEMER (DECEASED), and | ) | |
| NON-RECORD CLAIMANTS, | ) | |
| | ) | |
| **Defendants.** | ) | |

# JUDGMENT DECREE AND ORDER
# DIRECTING SALE OF MORTGAGED PROPERTY

**MURPHY, Chief District Judge:**

An order of default having been entered against Defendants, the Court **GRANTS** the motion

for default judgment and finds as follows:

1.     The Court has jurisdiction over the parties and the subject matter of this suit.

Defendants were properly served and failed to answer or otherwise enter any appearance. The Clerk

entered default against them on April 6, 2005 (*see* Doc. 12).

2.     The United States of America, acting through the United States Department of

Agriculture, Rural Development (formerly Farmers Home Administration), made a loan to Stella

M. Pruemer, secured by a mortgage dated January 26, 2000, in the total principal amount of

$22,450.00 (Ex. A).[1]  This loan is evidenced by a promissory note dated January 26, 2000 (Ex. B).

On January 26, 2000, the United States of America, acting through the United States Department

of Agriculture, Rural Development, issued a notice of acceleration (Ex. C).  The property has been

abandoned as set forth in the affidavit of abandonment  (Ex. D) dated July 15, 2004.  The mortgage

was recorded as Doc. No. 2000R0835 in Marion County, Illinois.

3.      The following persons have claimed an interest in the above-described property but

are foreclosed from asserting their claim, if any, because of their default in this action: Estate of

Stella M. Pruemer, Connie Faulk, Larry Keller, Sandoval Community Development Commission,

Inc., Central City Lumber Company, Inc., Unknown Owners, Including Unknown Heirs and

Legatees of Stella M. Pruemer (Deceased), and non-record Claimants.

4.      By virtue of the mortgage and indebtedness thereby secured, Plaintiff, the United

States of America, has a valid and subsisting lien on the following realty:

Common address:      406 N. Clay, Sandoval, Illinois 62882

100 feet of the North end of the South ½ of Lot 5, Block 9, in the Village of Sandoval, Marion County, Illinois.  Except all coal.

Permanent Index Number: 09-17-107-004

5.      By virtue of the mortgage and the indebtedness thereby secured, as alleged in the

complaint, Plaintiff, the United States of America, is due the following:

(a)      For its own use and benefit for the costs of this suit and for:

U.S. Attorney's docket and recording fees  . . . .      $      180.00

Fee to publish notice of pendency of action  . . .      $      355.20

---

[1]References to Exhibits herein are to the Exhibits attached to the complaint (Doc. 1).

Title expenses                        $      260.00

TOTAL                            $      795.20

(b)      For the use and benefit of Plaintiff, holder of the note secured by the mortgage aforesaid, but subject and subordinate to the lien for payment of the items mentioned in subparagraph (a) of this paragraph:

Unpaid principal balance . . . . . . . . . . . . . . . . . . $ 24,833.25

Subsidy recapture paid . . . . . . . . . . . . . . . . . . . $      694.37

Accrued interest at $5.0460 per day due and
unpaid as of April 14, 2005 . . . . . . . . . . . . . . . $    2,460.82

Total amount due Plaintiff as of April 14, 2005,
exclusive of foreclosure costs . . . . . . . . . . . . . . $ 27,988.44

(c)      In addition, Plaintiff may be compelled to advance various sums of money in payment of costs, fees, expenses, and disbursements incurred in connection with the foreclosure, including, without limiting the generality of the foregoing, filing fees, stenographer fees, witness fees, costs of publication, costs of procuring and preparing documentary evidence and costs of procuring abstracts of title, certificates, foreclosure minutes, and a title insurance policy.

(d)      Under the terms of the mortgage, all such advances, costs, and other fees, expenses, and disbursements are made a lien upon the mortgaged real estate, and Plaintiff is entitled to recover all such advances, costs, expenses, and disbursements, together with interest on all advances at the rate provided in the mortgage, or, if no rate is provided therein, at the statutory judgment rate, from the date on which such advances are made.

(e)      In order to protect the lien of the mortgage, it may or has become necessary for Plaintiff to pay taxes and assessments which have been or may be levied upon the mortgaged real estate.

(f)      In order to protect and preserve the mortgaged real estate, it may also become necessary for Plaintiff to make such repairs to the real estate as may reasonably be deemed for the proper preservation thereof.

(g)      Under the terms of the mortgage, any money so paid or expended has or will become an additional indebtedness secured by the mortgage and will bear interest from the date such monies are advanced at the rate provided in the

mortgage, or, if no rate is provided, at the statutory judgment rate.

6.      Marion County, Illinois, has a valid lien on the above-described property for taxes for the year 2005, and the property will be sold subject to the interest of Marion County, resulting from taxes, general or special, which are a valid lien against the above-described property.

**WHEREFORE, IT IS ORDERED, ADJUDGED, AND DECREED** as follows:

1.      Judgment is entered against Defendants for $28,783.64, and unless Defendants and their assigns and successors in interest to the above-described property pay to Plaintiff, the United States of America, acting through the Farmers Home Administration, United States Department of Agriculture, within three (3) days from the date of this decree the sum of $28,783.64 with attorney's fees and court costs with lawful interest to be computed thereon from this date until paid, the real estate described in paragraph 4 of this decree shall be sold at public sale to the highest bidder for 10% at time of sale and the balance within 72 hours, subject to taxes, general or special, due and owing to Marion County, Illinois, by the United States Marshal for the Southern District of Illinois at the front door of the Marion County Courthouse in the City of Salem, Illinois.

2.      Judgment is entered in favor of the United States and against the Estate of Stella M. Pruemer, Connie Faulk, Larry Keller, Sandoval Community Development Commission, Inc., Central City Lumber Company, Inc., Unknown Owners, Including Unknown Heirs and Legatees of Stella M. Pruemer (Deceased), and non-record claimants.  The real estate shall be sold free and clear of any claimed lien of the Estate of Stella M. Pruemer, Connie Faulk, Larry Keller, Sandoval Community Development Commission, Inc., Central City Lumber Company, Inc., Unknown Owners, Including Unknown Heirs and Legatees of Stella M. Pruemer (Deceased), and non-record claimants.

3.      The United States Marshal for the Southern District of Illinois shall give public notice of the time, place, and terms of such sale, together with a description of the premises as referred to in paragraph 4 of this decree to be sold, by previously publishing the same once each week for three (3) consecutive weeks as provided by law in a secular newspaper of general publication in the State of Illinois, the first publication to be not less than four weeks before the date of such sale; that said United States Marshal may adjourn the sale so advertised by giving public notice by proclamation; that Plaintiff or any of the parties to this cause may become the purchaser or purchasers at such sale; that upon such sale being made, the United States Marshal shall execute and deliver to the purchaser or purchasers a certificate of sale and that said certificate of purchase shall be freely assignable by endorsement thereon.

The amount required to redeem shall consist of the total balance due as declared above plus interest thereon at the statutory rate hereunder and all additional costs and other expenses allowed by the Court.

If the purchaser at the judicial sale of residential real estate is a mortgagor who is a party to this proceeding or its nominee, and if the sale price is less than the amount required to redeem specified in 735 ILCS § 5/15-1604, an owner of redemption has a special right to redeem for a period ending 30 days after the date the sale is confirmed by paying the mortgagee the sale price plus all additional costs and expenses incurred by the mortgagee set forth in the report of sale and confirmed by this Court.

The above-described mortgaged real estate has been abandoned.  Consequently, the redemption period pursuant to 735 ILCS § 5/15-1603 shall end at the later of the expiration of the period of reinstatement as provided in 735 ILCS § 5/15-1602, or 30 days after entry of this judgment

of foreclosure, whichever is later.

4.     The United States Marshal shall retain his disbursements and fees out of the proceeds of such sale, and out of the remainder of said proceeds he shall pay to Plaintiff $28,783.64, together with lawful interest to be computed thereon to the date of this decree, and any court costs of this action in its behalf.  Said United States Marshal shall take receipts from the respective parties from whom he may make payments and file the same together with his Report of Sale to this Court, and in case said property shall sell for a sum more than sufficient to make the aforesaid payments, then after making said payments he shall bring such surplus monies into Court without delay for further distribution by this Court.

5.     After the 30th day said foreclosure sale is confirmed, the holder of the certificate of sale shall be entitled to immediate possession of the real estate upon payment of the sale purchase price, without notice to any party or further order of the Court.  In default of mortgagors so doing, an order of ejectment shall issue.

6.     After confirmation of sale, the person who conducted the sale or the Court shall execute a deed to the holder of the certificate of sale sufficient to convey title, which deed shall identify the Court and the caption of the case in which judgment was entered authorizing issuance of the deed.  Signature and the recital in the deed of the title or authority of the person signing the deed as grantor of authority pursuant to this judgment, and of the giving of the notices required by statute shall be sufficient proof of the facts recited and of such authority to execute the deed, but such deed shall not be construed to contain any covenant on the part of the person executing it.

Delivery of the deed executed on the sale of the real estate, even if the purchaser or holder of the certificate of sale is a party to the foreclosure, shall be sufficient to pass the title thereto.  Such

conveyance shall be an entire bar of (i) all claims of parties to the foreclosure and (ii) all claims of any non-record claimant who is given notice of the foreclosure as provided by statute.

7.      If the monies arising from said sale shall be insufficient to pay sums due to Plaintiff with interest as aforesaid after deducting the costs as aforesaid, said United States Marshal shall specify the amount of said deficiency in his report.

8.      The Court hereby retains jurisdiction of the subject matter of this cause and the parties thereto for the purpose of enforcing this decree and that said United States Marshal shall report his actions at the earliest possible time.

**IT IS SO ORDERED.**

DATED:  10/3/05

s/ G. Patrick Murphy
G. PATRICK MURPHY
Chief United States District Judge